IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

ROY SUDDUTH,                        )
                                    )
        Plaintiff,                  )
                                    )
v.                                  )     1:08cv1106  (LMB/TCB)
                                    )
BRENDA VASQUEZ, et al.,             )
                                    )
        Defendants.                 )

## MEMORANDUM OPINION

Before the Court is the pro se plaintiff's Motion for Leave
to Proceed In Forma Pauperis [2]. A litigant may commence an
action in federal court in forma pauperis if he files an
affidavit, in good faith, stating that he is unable to pay the
costs of the lawsuit. See 18 U.S.C. § 1915(a). Nothing in the
record suggests that plaintiff's affidavit is inaccurate or
submitted in bad faith. Accordingly, the application will be
GRANTED.

However, a court should dismiss an action filed in forma
pauperis if the action is "i) frivolous or malicious; ii) fails
to state a claim on which relief may be granted; or iii) seeks
monetary relief against a defendant who is immune from such
relief." 28 U.S.C. § 1915(e)(2)(B). Of course, pleadings filed
by a pro se party must be "liberally construed" and will not be
held to the same standards as those filed by lawyers. Erickson
v. Pardus, 127 S. Ct. 2197, 2200 (2007) (internal quotations and
citations omitted). Nevertheless, whether the complaint states a



claim on which relief may be granted is determined by "the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." Sumner v. Tucker, 9 F. Supp. 2d 641, 642 (E.D. Va. 1998). Thus, a court must accept all of the complaint's well-pleaded allegations and view them in a light most favorable to the plaintiff. Smith v. Sydnor, 184 F.3d 356, 361 (4th Cir. 1999). To survive a 12(b)(6) motion to dismiss for failure to state a claim, however, a plaintiff must state "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007) (internal citations omitted).

I. **Discussion**

Plaintiff describes himself as an African-American Muslim male who is disabled as a result of suffering from diabetes that has left him legally blind. In his 113 paragraph complaint, plaintiff has sued 49 defendants, alleging that they have violated his rights under Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132; § 504 of the Rehabilitation Act ("Rehabilitation Act"), 29 U.S.C. § 794(a); the Fair Housing Act, 42 U.S.C. § 3061, et seq.; and the Equal Protection Clause of the Fourteenth Amendment. He seeks compensatory damages, injunctive and declaratory relief, reasonable attorney's fees, and costs. Plaintiff's allegations are wide-ranging and appear to arise out of several different

2

transactions with the various defendants, all involving plaintiff's dissatisfaction with the conditions in Section 8 housing administered by some of the defendants.  Plaintiff complains that his apartment was roach-infested and that when he asked to be moved to a different building, some of the defendants refused to place him in the building he wanted although they offered him space in a different building.  He sues various City of Alexandria officials and employees for how they handled his complaints about the housing situation.  He also sues certain legal services personnel who he apparently consulted for legal assistance in pursuing his housing problems, and he sues judges and staff of the Alexandria General District Court because they did not let him proceed in forma pauperis and had him evicted from the courthouse.

Because plaintiff named so many different defendants and raised so many different issues, his complaint will be analyzed by each group of defendants rather than by count.

A.   Crestview Commons Defendants[1]

Plaintiff claims that the Crestview Commons Defendants violated his rights under the Fair Housing Act, the ADA, the

---

[1] The nine Crestview Commons Defendants are Brenda Vasquez, Carmen Bonilla, Robert C. Kettler, Marcus Mitchell, Zarrick Veney, Hernando Rodriguez, Glen White, Crestview Commons doing business as Fields of Landmark, and KSI Management Inc. Plaintiff alleges that the individual defendants are employed by KSI Management Inc.

3

Rehabilitation Act, and the Equal Protection Clause of the Fourteenth Amendment.

Plaintiff alleges that the defendants violated the Fair Housing Act by subjecting him to unsafe and unhealthy living conditions, refusing to move him to the apartment complex of his choice, and ignoring his numerous written complaints about the condition of his apartment, on account of his race, religion, or disability. Compl. ¶¶ 30, 43-44. Section 3604 of the Fair Housing Act provides that it is unlawful "[t]o discriminate against any person in the terms, conditions, or privileges of sale or rental" because of a person's race, religion, or handicap. See 42 U.S.C. § 3604 (b)&(f). A plaintiff may demonstrate a prima facie case of discrimination by showing that the challenged practice was motivated by a discriminatory purpose or had a discriminatory impact. Betsey v. Turtle Creek Assocs., 736 F.2d 983, 986 (4th Cir. 1984). Although plaintiff has alleged that he is African-American, Muslim, and disabled, he has not alleged facts to support his claim that the actions of the Crestview Commons Defendants were motivated by a discriminatory purpose or had a disparate impact. Plaintiff's conclusory allegations of discriminatory conduct, without any factual support, cannot withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). See Twombly, 127 S. Ct. at 1974. Accordingly, the claims will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

4

Plaintiff also alleges that the Crestview Commons Defendants violated his rights under the ADA and the Rehabilitation Act by excluding him from their services, programs, and activities and failing to provide him with reasonable accommodations, which appear to consist of having an apartment "free from all roaches and all other vermin." Compl. ¶ 98. Plaintiff alleges that these defendants violated the Rehabilitation Act by failing to administer their services to him in a setting appropriate for his needs. Compl. ¶ 104.

The Fourth Circuit applies a similar analysis to claims under the ADA and the Rehabilitation Act. Baird v. Rose, 192 F.3d 462, 468 (4th Cir. 1999). A plaintiff seeking relief under either statute must allege that 1) he has a disability, 2) he is otherwise qualified to receive the benefits of the public services, programs, or activities, and 3) he was denied the benefits of such services, programs, or activities, on the basis of his disability. See Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 498 (4th Cir. 2005); Baird, 192 F.3d at 468. The Acts differ somewhat in that the ADA applies to programs and services of a public entity, and a plaintiff has the burden of showing that his disability "played a motivating role" in the challenged action. Baird, 192 F.3d at 468-69. The Rehabilitation Act applies to programs that receive federal financial assistance, and a plaintiff must show that the discrimination occurred "solely by reason of" his disability.

5

<u>Id.</u>

In the instant complaint, plaintiff does not specify which service, program, or activity the Crestview Commons Defendants denied him the benefits of because of his disability.  Instead, he states that these defendants "illegally exclud[ed] this disabled Plaintiff from all of their services, programs, and activities."  Compl. ¶ 98.  However, it appears from the complaint that plaintiff was able to lease an apartment from the Crestview Commons Defendants from December 2006 through September 2007.  Compl. ¶ 26.  If plaintiff's claim is based on the Crestview Commons Defendants' decision not to move him into a new apartment, he has not pled any facts to support the allegation that his disability was a motivating factor or the sole reason for the Crestview Commons Defendants' decision not to move him.  Therefore, plaintiff has failed to state a claim under either the ADA or the Rehabilitation Act, and these claims will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff's allegations under the Equal Protection Clause of the Fourteenth Amendment also fail because the Fourteenth Amendment only imposes limits on state action and does not apply to conduct of private parties, such as these defendants.  <u>See</u> <u>Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n</u>, 531 U.S. 288, 295 (2001).  State action exists if there is such a "close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State

itself."  See id. (internal quotations and citations omitted).
Plaintiff has not adequately alleged a nexus between the
Crestview Commons Defendants and the state to support a finding
that the Crestview Common Defendants were engaged in state action
for the purposes of the Fourteenth Amendment.  Therefore, his
§ 1983 claims for violations of the Fourteenth Amendment will be
dismissed for failure to state a claim.

**B.   Redevelopment Defendants[2]**

Plaintiff alleges that the Redevelopment Defendants violated
his rights under the Fair Housing Act, the ADA, the
Rehabilitation Act, and the Equal Protection Clause of the
Fourteenth Amendment.  His factual allegations against these
defendants are identical to those alleged against the Crestview
Commons Defendants.  Thus, for the reasons stated above, he has
failed to state a claim under the Fair Housing Act, the ADA, or
the Rehabilitation Act, and these claims will be dismissed.

Plaintiff has also brought claims against the Redevelopment
Defendants under § 1983 for violations of his Fourteenth
Amendment rights.  Here, the state action requirement is met
because plaintiff has sued the Alexandria Redevelopment and

---

[2] The ten Redevelopment Defendants are William Dearman,
Elijah Johnson, Terrence D. Langford, Cynthia Thompson, Kimberly
Wade, TaLori Johnson, Roy Triese, William D. Euille, the
Alexandria Redevelopment and Housing Authority, and the City of
Alexandria.  Plaintiff states that the individual defendants are
employed by the Alexandria Redevelopment and Housing Authority
and the City of Alexandria.

7

Housing Authority and the City of Alexandria and alleges that all
of the individual defendants in this group are employees of these
entities.  See Brentwood Acad., 531 U.S. at 295.  To state a
claim under § 1983, a plaintiff must allege that he was deprived
of his federal rights by a person acting under the color of state
law.  See, e.g., West v. Atkins, 487 U.S. 42, 48 (1988).  To make
out an equal protection claim, a plaintiff must allege that "he
has been treated differently from others with whom he is
similarly situated and that the unequal treatment was the result
of intentional or purposeful discrimination."  Morrison v.
Garraghty, 239 F.3d 648, 654 (4th Cir. 2001).  Although plaintiff
alleges that he is African-American, Muslim, and disabled, he has
failed to allege any facts showing that he was treated
differently from others who are similarly situated or that the
Redevelopment Defendants engaged in intentional or purposeful
discrimination.  This claim will also be dismissed pursuant to 28
U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

   C.   Foxwoods Defendants[3]

   Next, plaintiff alleges that the Foxwoods Defendants
violated his rights under the Fair Housing Act, the ADA, the
Rehabilitation Act, and the Equal Protection Clause of the
Fourteenth Amendment.  Plaintiff has failed to plead any facts

---

[3] The five Foxwoods Defendants are Ameurfina Braga, Marcelo
Jordan, Evelyn Gleason, Harold Mangold, and Scott Management Inc.
Plaintiff states that all of the individual Foxwood Defendants
are employed by Scott Management Inc.

8

supporting his claim that he was discriminated against because of his religion or disability or that he was denied the benefits of the Foxwoods Defendants' services, programs, or activities, on the basis of his disability.  See Constantine, 411 F.3d at 498; Betsey, 736 F.2d at 986.  Therefore, his claims under the Fair Housing Act for discrimination on the basis of his religion and disability and his claims under the ADA and the Rehabilitation Act must be dismissed.

Plaintiff's Fair Housing Act claim alleging race discrimination also fails.  Section 3604 prohibits discrimination "in the terms, conditions, or privileges of sale or rental" based on a person's race, religion, or handicap.  See 42 U.S.C. § 3604 (b)&(f).  A plaintiff may demonstrate a prima facie case of discrimination by showing that the challenged practice was motivated by a discriminatory purpose or had a discriminatory impact.  Betsey, 736 F.2d at 986.  Plaintiff claims that the Foxwoods Defendants would not accept his Section 8 Housing Voucher because of his race.  In his complaint, plaintiff alleged that he called Ameurfina Braga on January 6, 2007 and asked whether apartments were available at the Foxwood Place Apartments.  Compl. ¶ 50.  Plaintiff states that Braga told him in that conversation that Foxwood Place Apartments accepted Section 8 Housing Vouchers.  Compl. ¶ 51.  However, plaintiff claims that when he arrived to view an apartment, Braga and Marcelo Jordan realized he was African-American and told him they

9

did not accept Section 8 Housing Vouchers and did not have two
bedroom apartments available.  Compl. ¶ 52.  Plaintiff further
asserts that on January 9, 2007, he called Evelyn Gleason, the
property manager for Scott Management Incorporated, and she
confirmed that she would not accept a Section 8 Voucher for the
Foxwood Place Apartments, but would accept a voucher for their
low income project in Falls Church, Virginia.  Compl. ¶¶ 55-57.
Even accepting its responsibility to construe pro se complaints
liberally, the Court finds that plaintiff has not pled sufficient
facts to support his allegation that the Foxwoods Defendants'
decision not to show or rent an apartment at the Foxwood Place
Apartments was motivated by race discrimination rather than
financial ineligibility.  In addition, plaintiff failed to allege
any specific conduct as to Harold Mangold, so the claims against
him will be dismissed for this additional reason.

     Plaintiff also sues these defendants under § 1983 for
violations of his rights under the Equal Protection Clause.
However, here, as with the Crestview Commons Defendants, the
plaintiff has failed to plead a sufficient nexus between the
state and the Foxwoods Defendants to support a finding that the
Foxwoods Defendants were engaged in state action.  Therefore,
these claims will also be dismissed.  See Brentwood Acad., 531
U.S. at 295.

### D.   Legal Services Defendants[4]

Plaintiff alleges that the Legal Service Defendants violated his rights under the ADA, the Rehabilitation Act, and the Equal Protection Clause of the Fourteenth Amendment when, in response to his request for legal assistance, they merely gave him various legal forms to fill out, but refused to provide him with assistance or reasonable help in filling out the forms.  Compl. ¶¶ 60-66.  Title II of the ADA "forbids public entities . . . from excluding disabled persons from programs, services, or benefits 'by reason of' their disabilities."  See Constantine, 411 F.3d at 488.  A public entity is statutorily defined as state or local governments and their departments, agencies, and instrumentalities.  42 U.S.C. § 12131(1).  Plaintiff has failed to allege that Legal Services of Northern Virginia is a public entity as defined by the ADA, and, thus, his claims under ADA will be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

Next, plaintiff alleges that the Legal Services Defendants violated his rights under the Rehabilitation Act, which forbids a program or activity that receives federal funds from denying the benefits of the program to a disabled person "solely by the

---

[4] The four Legal Service Defendants are John P. Ellis, Richard V. Minionis, Nicole M. Bacon, and Legal Services of Northern Virginia.  Plaintiff asserts that the individual defendants are employed by Legal Services of Northern Virginia. Plaintiff also refers to these defendants as the Legal Aid Defendants.  See Compl. ¶ 60.

11

reason of . . . his basis" of his disability.  See 29 U.S.C. §
794(a).  Here, plaintiff alleges that the Legal Services
Defendants receive federal funds and refused to provide him with
meaningful assistance because of his race, religion, or
disability.  Compl. ¶¶ 63, 101.  However, plaintiff has not
clearly alleged that he was excluded from receiving the benefits
of the Legal Services Defendants' programs or services solely
because of his disability.  Although plaintiff states that he was
unable to fill out the legal forms given to him by these
defendants because they would not assist him or provide
reasonable accommodations for him, he does not allege that his
inability to fill out the forms was the sole reason, or any part
of the reason, that the Legal Services Defendants declined to
assist him with his legal matters.  See Compl. ¶¶ 60-66.
Therefore, he has failed to state a claim under the
Rehabilitation Act.  Moreover, any claims against the individual
defendants must be dismissed because individuals may not be held
liable under the Rehabilitation Act.  See 29 U.S.C. § 794(a);
Calloway v. Boro of Glassboro Dep't of Police, 89 F. Supp. 2d
543, 557 (D.N.J. 2000) (collecting cases finding no individual
liability under the Rehabilitation Act).

Plaintiff also alleges that the Legal Service Defendants
violated his rights under the Equal Protection Clause of the
Fourteenth Amendment.  As discussed above, the Fourteenth
Amendment only imposes limits on state action and does not apply

12

to conduct of private parties.  See Brentwood Acad., 531 U.S. at 295.  Plaintiff has not alleged a sufficient nexus between the Legal Services Defendants and the state to support a finding that the conduct of the Legal Service Defendants constitutes state action.  See id.  Thus, these claims will be dismissed pursuant to 28 U.S.C. 1915(e)(2)(B)(ii) for failure to state a claim.

   **E.   General District Court Defendants[5]**

   Plaintiff also alleges that the General District Court Defendants ("GDC Defendants") violated his rights under the ADA, the Rehabilitation Act, and the Equal Protection Clause of the Fourteenth Amendment.

   Plaintiff's claims under the ADA and the Rehabilitation Act arise from incidents that occurred at the Alexandria General District Court.  Compl. ¶ 67.  To state a claim under the ADA or the Rehabilitation Act, a plaintiff must allege that he is disabled, was otherwise eligible to receive the benefits of a public service, program or activity, but was excluded from participation in the programs, service, or activity due to his

---

   [5] The seven General District Court Defendants are Hope Mayfield, Barbara Delander, Margaret N. French, Hon. Becky J. Moore, Hon. Donald M. Haddock, Jr., the Alexandria Sheriff's Department, and the Alexandria, Virginia General District Court. Plaintiff states that the individual employees are employed by the City of Alexandria and the Alexandria, Virginia General District Court.  These defendants include two sitting General District Court judges, Moore and Haddock, against whom plaintiff has alleged no specific conduct, and who, on this record would be immune from suit.  See Mireles v. Waco, 502 U.S. 9, 11-12 (1991); Stump v. Sparkman, 435 U.S. 349, 360-64 (1978).

13

disability.  See Constantine, 411 F.3d at 498.  Here, plaintiff
claims that he attempted to file legal forms with two court
clerks, defendants Hope Mayfield and Barbara Delander, but they
rejected his forms.  Compl. ¶¶ 67-69.  He then alleges that these
two defendants gave him legal forms with small print, but refused
to provide him with reasonable accommodations to allow him to
fill out the forms.  Compl. ¶ 71.  Plaintiff does not allege that
he was unable to complete the forms and file his lawsuit because
of the defendants' failure to provide reasonable accommodations,
as he must do in order to state a claim under the ADA or the
Rehabilitation Act.  Instead, plaintiff alleges that after his
forms were completed he was unable to file his lawsuit because
the defendants would not accept a fee waiver form from him
because of an issue related to his residency.  Compl. ¶¶ 67-68,
72-75.  Given these allegations, plaintiff has failed to allege
that he was denied access to the courts because of his
disability, and these claims will be dismissed pursuant to
§ 1915(e)(2)(B)(ii).

     In addition, plaintiff brings a claim under § 1983 alleging
that his Equal Protection rights were violated because he was
discriminated against on the basis of his race, religion, or
disability.  This claim is presumably based on his allegation
that two of the individual GDC defendants refused to accept his
legal pleadings because of his race, religion, or disability.
However, plaintiff has failed to provide any factual support for

14

his claim that he was treated differently from similarly situated individuals, and this claim will be dismissed for failure to state a claim.

Plaintiff also brings a claim under § 1983 requesting that the Court enter an order declaring unconstitutional the General District Court and the City of Alexandria's policy of refusing to allow indigent, non-residents of the Commonwealth to proceed in forma pauperis.  To survive dismissal of this claim, plaintiff must have Article III standing to assert his claim.  To obtain declaratory relief, a plaintiff must show a substantial likelihood of future injury.  See City of Los Angeles v. Lyons, 461 U.S. 95 (1983); Simmons v. Poe, 47 F.3d 1370, 1382-83 (4th Cir. 1995).  Because plaintiff has not alleged facts showing that he is likely to suffer future violations of his constitutional rights as a result of this policy, this claim for a declaratory judgment will also be dismissed.  See Lyons, 491 U.S. at 102-03.

In addition, plaintiff alleges that the GDC Defendants had the plaintiff "unlawfully remove[d]" from the Courthouse by the Alexandria Sheriff's Department.  Comp. ¶ 76.  Plaintiff names the Alexandria Sheriff's Department as a defendant, but has not alleged specific facts as to this defendant or given any indication as to why his removal was "unlawful."  Therefore, he has failed to state a claim against the Alexandria Sheriff's Department, and any claims against this defendant will be dismissed.

15

**F.**   **Alexandria Code Enforcement Defendants[6] and the HUD Defendants[7]**

Plaintiff alleges that the Alexandria Code Enforcement Defendants and the HUD Defendants violated his rights under the ADA, the Rehabilitation Act, and the Equal Protection Clause of the Fourteenth Amendment by ignoring his written complaints about the condition of his apartment because of his race, religion, or disability.  Plaintiff provides no factual support whatsoever for these allegations.  Therefore, his claims against the Alexandria Code Enforcement Defendants and the HUD Defendants will be dismissed for failure to state a claim.

**G.**   **Human Rights Defendants[8]**

Plaintiff claims that the Human Rights Defendants violated his rights under the ADA, the Rehabilitation Act, and the Equal Protection Clause of the Fourteenth Amendment by refusing to permit him to file formal complaints against the Crestview

---

[6] The six Code Enforcement Defendants are John Catlett, Jannine Pennell, Robert Rodriguez, Russell Furr, Timothy Lawmaster, and the City of the Alexandria Office of Building and Fire Code Administration.  Plaintiff states that the individual defendants are employed by the City of Alexandria Office of Building and Fire Code Administration.

[7] The four HUD Defendants are Steven Preston, Ross Conlan, Lee A. Palman, and the United States Department of Housing and Urban Development.  The plaintiff states that the individual defendants are employed by the United States Department of Housing and Urban Development.

[8] The four Human Rights Defendants are Jean Kelleher Niebauer, Paula A. Avila-Guillen, David Miller, and the City of Alexandria Office of Human Rights.  The plaintiff asserts that the individual defendants are employed by the City of Alexandria Office of Human Rights.

Commons Defendants and the Redevelopment Defendants on March 17,
2007 because of his race, religion, or disability.  Plaintiff
also alleges that these defendants illegally refused to accept
his complaints against the General District Court Defendants.  As
recited above, plaintiff must provide more than conclusory
allegations to survive a 12(b)(6) motion to dismiss.
Accordingly, the plaintiff's claims against the Human Rights
Defendants will be dismissed in their entirety.

II.  Conclusion

Pursuant to 28 U.S.C. § 1915(e)(2), the Court finds that
plaintiff's claims must be dismissed for failure to state a
claim.  Moreover, his complaint fails to adhere to Fed. R. Civ.
P. 8, which requires that each allegation be "simple, concise,
and direct."  For these reasons, the complaint must be dismissed
in its entirety.  However, as a pro se party, plaintiff will be
given leave to amend his complaint.

If plaintiff chooses to re-file any of the claims in this
complaint, he should be mindful of Fed. R. Civ. P. 11, which
mandates that when a party files a pleading, he certifies to the
best of his knowledge and belief that "the factual contentions
have evidentiary support or . . . will likely have evidentiary
support after a reasonable opportunity for further investigation

17

or discovery."[9]  If a party violates Rule 11, the Court may impose sanctions on that party.  Fed. R. Civ. P. 11(c).  Any amended complaint must be filed within twenty (20) days of the date of this Memorandum Opinion.

A separate order consistent with this Memorandum Opinion will be issued with this opinion.

Entered this 26th day of January, 2009.

Alexandria, Virginia

/s/
Leonie M. Brinkema
United States District Judge

---

[9] Plaintiff's damage claims include a meritless request for attorney's fees.  As a pro se litigant, the plaintiff is not entitled to attorney's fees.  See, e.g., Bond v. Blum, 317 F.3d 385, 398-99 (4th Cir. 2003).